Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50281 | **DATE** | 9/16/2003 |
| **CASE TITLE** | American Family Insurance vs. Black & Decker | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion to bar certain evidence as a sanction for spoliation is granted. Plaintiff is barred from introducing evidence, including expert testimony, concerning the cause of the subject fire. The motion to bar expert testimony as to the cause of the fire under <u>Daubert</u> is denied as moot. The parties are directed to schedule a conference with the Magistrate Judge within 30 days to discuss further proceedings in this matter or settlement if appropriate.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 16 2003 | 56 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | U.S. DISTRICT COURT | | |
| | Mail AO 450 form. | CLERK | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | 03 SEP 16 PM 1:52 | 9-16-03 | |
| | | | date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, American Family Insurance Co., a Wisconsin corporation with its principal place of business in Wisconsin, as subrogee of Jack and Susan Dunn, filed suit against defendant, Black & Decker (U.S.), Inc., a Maryland corporation with its principal place of business in Maryland in Illinois state court asserting claims for strict products liability, negligence, implied warranty of merchantability and implied warranty of fitness for a particular purpose. Defendant properly removed the matter to this court based on diversity jurisdiction because the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332 (a) (1), 1441. Venue is proper in this district because a substantial part of the events giving rise to the claim occurred here. 28 U.S.C. § 1391 (a) (2). Plaintiff insured the Dunn's home, paid a claim for fire damage, and seeks to recover from defendant claiming a defective toaster oven, manufactured by defendant, caused the fire. Defendant moved to bar plaintiff from introducing certain evidence as a sanction for spoliation of evidence and to bar certain expert testimony as failing to meet the standard set forth in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993).

A fire occurred in the Dunn's home on May 27, 1996. The parties agree the fire originated in the kitchen. According to Mrs. Dunn, the toaster oven, a coffee maker, a tea maker, and a cappuccino maker were on a kitchen counter. Two electrical receptacles and a switch for the garbage disposal were in the area. A fire department investigator concluded the fire originated on the counter with the appliances. Plaintiff's fire investigator inspected the property on May 31, 1996, and concluded then that the toaster oven was the cause of the fire. Black & Decker was not advised of the fire until October 7, 1997. In the meantime, the kitchen had been renovated and the cappuccino maker, one of the electrical receptacles, and the electrical switch (none of which had been collected by the investigator) were gone. Additionally, the recorded statement of Mr. Dunn, taken by plaintiff's claims adjustor, was destroyed by plaintiff. Mr. Dunn has since died. One of plaintiff's experts, Gust, in examining the toaster oven, removed a piece of debris from between the fixed blade and bi-metal in the control circuitry altering the condition of the toaster oven from its immediate post-fire condition. Plaintiff's experts used exemplar toaster ovens in tests to formulate their opinions but did not supply these exemplars to defendant nor allow defendant to attend the examination of the exemplars.

The parties agree Illinois substantive law applies[1]. In a diversity case, the federal rules of procedure and evidence apply. See Allstate Ins. Co. v. Sunbeam Corp., 53 F.3d 804, 806 (7th Cir. 1995). A "party's pre-suit duty to preserve material evidence is substantive," Lawrence v. Harley-Davidson Motor Co., No. 99 C 2609, 1999 WL 637172, *2 (N.D. Ill. Aug. 12, 1999); see also Lekkas v. Mitsubishi Motors Corp., No. 97 C 6070, 2002 WL 31163722, *2 (N.D. Ill. Sept. 26, 2002); Thomas v. Bombardier-Rotax Motorenfabrik, GmbH, 909 F. Supp. 585, 586-87 (N.D. Ill. 1996), so Illinois law applies to this issue. Plaintiff had a duty to preserve all evidence of alternate causes of the fire. Allstate, 53 F.3d at 807 (applying Illinois law). Plaintiff did not do so. It failed to preserve the electrical receptacle, switch and cappuccino maker. It's investigator believed the cause of the fire was the toaster oven at the time of his investigation but plaintiff did not notify defendant and provide defendant a chance to conduct its own investigation until more than one year later. By that time, defendant, to its prejudice, could not conduct a meaningful investigation of the fire scene. The alteration of the toaster oven and the destruction of the tape of Mr. Dunn's statement compounded defendant's difficulties in investigating the cause of the fire. Because plaintiff failed to preserve evidence which may have been, or shed light upon, an alternative cause of the fire, plaintiff has deprived defendant of the ability to establish its case. See Id. Plaintiff should have known at least by May 31, 1996, after its fire investigator concluded the toaster oven was the cause of the fire, that defendant would want to be able to conduct an investigation and review the evidence as it was immediately after the fire. See American Family Ins. Co. v. Village Pontiac GMC, Inc., 585 N.E.2d 1115, 1118 (Ill. App. Ct. 1992); cf. Boyd v. Travelers Ins. Co., 652 N.E.2d 267, 271 (Ill. 1995) (employees of insurance company had duty to preserve evidence they knew was relevant to future litigation). Accordingly, plaintiff is barred from introducing evidence, including expert testimony, concerning the cause of the subject fire. This decision renders the motion to bar expert testimony as to the cause of the fire under Daubert moot.

---

[1] Plaintiff argues that defendant cannot seek to bar this evidence because the statute of limitations for bring a cause of action for spoliation has run. However, a motion for sanctions is not a cause of action subject to a statute of limitations.